In re Petition for DISCIPLINARY ACTION AGAINST James T. HANVIK, a Minnesota Attorney, Registration No. 158963.

No. C3–99–815.

Supreme Court of Minnesota.

July 16, 2003.

ORDER

On April 27, 2000, this court indefinitely suspended petitioner James T. Hanvik for a minimum of two years. *See In re Hanvik*, 609 N.W.2d 235 (Minn.2000).

On October 28, 2002, petitioner filed a petition for reinstatement. Following a hearing before a Lawyers Professional Responsibility Board panel, the panel found that petitioner presented clear and convincing evidence of his moral fitness and competence to practice law and recommended reinstatement and two years of supervised probation subject to the following conditions:

a. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of probation.

b. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

c. Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor within two weeks from the order of reinstatement. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall, on the first day of each month, provide the Director with an inventory of active client files as described in paragraph d. below and shall make active client files available to the Director upon request.

d. Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Petitioner shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters that petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the reinstatement order, petitioner shall provide to the Director and to his probation super-

visor a detailed written plan outlining office procedures described in paragraph "e." above, and shall update the written plan whenever any change in his practice occurs. Petitioner shall provide progress reports as requested.

g. If, at any time during the term of probation, petitioner becomes responsible for his own trust account, petitioner shall immediately inform the Director of that fact and shall ensure maintenance of that account in compliance with Minn. R. Prof. Conduct 1.15 and Lawyers Professional Responsibility Board Opinion No. 9. The required trust account books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyers Trust Account Board. Petitioner shall make such trust account books and records available to the Director within 30 days of the notification to the Director and thereafter shall make those books and records available at such intervals as the Director deems necessary to determine compliance.

The Director of the Office of Lawyers Professional Responsibility, with the agreement of petitioner, has requested this court to rule on the petition for reinstatement without a referee hearing, briefing or oral argument.

This court has independently reviewed the file and approves the disposition recommended by the panel.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that petitioner James T. Hanvik is reinstated to the practice of law effective immediately and is placed on supervised probation for two years subject to the recommended conditions set forth above.

BY THE COURT:

/s/ Paul H. Anderson
Associate Justice